**In re Charlotte WATTS, Debtor.**

**Bankruptcy No. 94–03898–BGC–13.**

United States Bankruptcy Court,
N.D. Alabama,
Southern Division.

Sept. 14, 1994.

Michael G. Trucks, Fairfield, AL, for debtor.

Thomas G. Tutten, Birmingham, AL, for movant.

David Rogers, Trustee.

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY FILED BY HUBBARD PROPERTIES, INC.**

BENJAMIN COHEN, Bankruptcy Judge.

This matter is before the Court on a Motion for Relief from the Automatic Stay filed by Hubbard Properties, Inc. After notice a

hearing was held on August 15, 1991 at which Mr. Michael G. Trucks, the attorney for the Debtor, and Mr. Thomas G. Tutten, the attorney for the Movant appeared.

The Movant is a lessor of an apartment complex. The Debtor is the lessee of a unit in the apartment complex. Pursuant to Alabama law and provisions of the Debtor's lease, the Movant sent a twenty-four hour notice to terminate the lease on June 22, 1994, for failure to pay rent. A written demand for the Debtor to surrender possession of the premises within ten days was sent on June 24, 1994. The Debtor's bankruptcy petition was filed on July 5, 1994.

■ The Movant has requested relief from the stay to file an unlawful detainer action against the Debtor under state law to gain possession of the subject premises. The Debtor has proposed to assume the lease in accordance with 11 U.S.C. §§ 365 and 1322(b)(7) and to cure the rent arrearage of approximately $1436.19 (including attorney fees, court costs, and other expenses) over a period of six months.

■ The lease provides that it is for a term of twelve months beginning on October 1, 1991, and ending on September 30, 1992, and "from year to year thereafter." The original term of the lease expired on September 30, 1992. Thereafter, the lease became and now is a year to year tenancy which may be terminated effective the last day of September of any year provided at least 60 days written notice of the prospective termination is provided by either party. The notice of termination delivered by the Movant to the Debtor on June 22 effectively operated to notify the Debtor of the Movant's intent not to renew the lease for another term. Even if the Movant is not granted relief from the stay, assumption of the lease by the Debtor would entitle her to occupy the apartment only for approximately two weeks. And while the Bankruptcy Code authorizes the Debtor to assume an unexpired lease by curing a default,[1] this Court knows of no legal basis upon which the Movant can be required to renew the Debtor's lease once the lease term has expired.[2] No true benefit, therefore, can result to the Debtor from assumption of the lease.[3]

Based on the record in this case and the arguments and stipulations of counsel, the Court has determined that the Motion for Relief from the Automatic Stay should be granted subject to the limitations expressed below. It is therefore **ORDERED, ADJUDGED AND DECREED** that:

1. The Debtor's request to assume the lease is DENIED.

2. The Motion for Relief from the Automatic Stay is GRANTED to allow the Movant to pursue any remedies available under state law to recover possession of the subject premises.

■ 3. Any debt owed by the Debtor to the Movant for monetary damages resulting from default in or rejection of the lease shall be determined solely by means of a proof of claim in this bankruptcy proceeding. Unless otherwise modified by order of the Bankruptcy Court or terminated by operation of law, the stay shall remain in effect to preclude the adjudication or collection of any such debt outside of this bankruptcy proceeding.

---

1. See this Court's order in *In re Morgan,* 181 B.R. 579 (Bankr.N.D.Ala.1994) issued contemporaneously with this order.

2. This holding is consistent with this Court's ruling in *In re Shaw,* No. 94–00513–BGC–13,

1994 WL 803495 (Bankr.N.D.Ala. March 23, 1994).

3. The lessor can of course agree to renew the Debtor's lease on terms similar to those described in this Court's order in *In re Morgan.*